\NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CMA CGM S.A.<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BIOMASS PRO. INC.,<br><br>　　　　　　　　Defendants. | Civil Action No.: 19-13647<br><br>**OPINION, ORDER, AND JUDGMENT** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of plaintiff CMA CGM S.A. ("Plaintiff" or "CMA") for default judgment against defendant Biomass Pro, Inc. ("Biomass" or "Defendant"). ECF No. 13. After Plaintiff requested entry of default and provided proof of service of the Complaint on Defendant, ECF No. 8, default was entered against Defendants on July 15, 2019. Plaintiff filed this motion for default judgment on November, 22, 2019. ECF No. 13.  Defendants did not respond.  For the reasons set forth below, Plaintiff's motion for default judgment is **GRANTED**.

**I.　　BACKGROUND[1]**

On June 11, 2019, Plaintiff, an ocean carrier and common carrier of goods for hire on ocean-going vessels between ports in the United States and foreign ports, initiated this breach of contract action to recover monies owed to Plaintiff under seven CMA Bills of Lading[2] (the "CMA

---

[1] The following facts are accepted as true for the purposes of the pending motion. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (noting the Court accepts as true the well-pleaded factual allegations of the Complaint in a motion for default judgment).

[2] A bill of lading is a maritime contract that "records that a carrier has received goods from the party that wishes to ship them, states the terms of carriage, and serves as evidence of the contract for carriage." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 18–19 (2004).

Bills"). ECF No. 1 at ¶ 7. Plaintiff brings this as an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333(1). *Id.* at ¶¶ 1-2.

Defendant contracted with Plaintiff for the ocean carriage of eighty-four containers ("Containers") of woodwaste from New York, United States to Port Qasim, Pakistan under the CMA Bills. *Id.* at ¶ 7. The eighty-four containers were to be taken to Pakistan in seven shipments ("Shipments"). *Id.* After Defendant tendered the Containers for Shipments 1 through 7 to Plaintiff, Plaintiff transported and discharged the Containers in Port Qasim, Pakistan between August 30, 2018 and September 20, 2018, and made them available pursuant to the terms of the CMA Bills. *Id.* at ¶¶ 8, 13-18. Plaintiff alleges that Defendant refused to take delivery of the Containers or provide any shipping instructions once they were made available for collection. *Id* at ¶ 16. Plaintiff states that the Shipments remain idle in Port Qasim, Pakistan, with the exception of Shipment 2, which was disposed of. *Id* at ¶¶ 15, 17.

Plaintiff brings three causes of action. First is a cause of action for a breach of maritime contract. *Id.* at ¶¶ 23-29. Plaintiff alleges that, by failing to accept delivery of the goods and render payment, Defendant violated the terms of the CMA Bills. *Id.* Second, Plaintiff brings a cause of action for money due under the marine tariffs accrued by CMA pursuant to the Shipping Act of 1984. *Id.* at ¶¶ 30-33. The tariffs were filed by CMA with the Federal Maritime Commission and subsequently accrued by CMA during performance of the CMA Bills and, thus, are due to CMA. *Id.* The third and final cause of action is a negligence claim against Defendant for failing to provide Plaintiff with the required shipping instructions and/or to accept delivery of the Containers. *Id.* at ¶¶ 34-38.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon a plaintiff's motion, to enter default judgment against a party who has failed to plead or otherwise defend a claim for affirmative relief. Fed. R. Civ. P. 55(b)(2). After the clerk enters default pursuant to Rule 55(a), a plaintiff can request default judgment under Rule 55(b)(2). Id.; see Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. Appx. 519, 521 n.1 (3d Cir. 2006).  Although "the entry of a default judgment is largely a matter of judicial discretion," the Court must determine that a plaintiff has stated a sufficient cause of action, accepting the factual allegations in the complaint, except those relating to the amount of damages, as true. *Gordashevsky*, 558 F. Supp. 2d at 535–36 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)); *see also Eagle Fruit Traders, LLC v. Ultra Fresh, LLC*, 2019 WL 5704503, at *2 (D.N.J. Nov. 5, 2019) (explaining that before a court enters default judgment, it must determine that it has jurisdiction, defendants were properly served, the complaint sufficiently pled a cause of action, and the plaintiff proved damages).

Three factors govern default judgment:  "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  A court has a broad discretion in determining the amount of damages and need not hold a hearing if the requested damages have adequate support. *Super 8 Worldwide, Inc. v. Urmita, Inc.,* No. 10-5354, 2011 WL 2909316, at *2 (D.N.J. July 18, 2011).

## III.    DISCUSSION

### A.    Jurisdiction

Before addressing the sufficiency of Plaintiff's three causes of action in the complaint, the Court must determine whether it has jurisdiction over the claims at issue. *See Eagle Fruit Traders*, 2019 WL 5704503 at *2.

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of [ ][a]ny civil case of admiralty or maritime jurisdiction ...." 28 U.S.C. § 1333(1).  "A contract dispute falls within admiralty jurisdiction if the subject matter of the contract is maritime." *In re Gingrich*, 2011 WL 6001347 (D.N.J. Nov. 30, 2011) (internal citations omitted). "[C]ontracts purely for transporting goods on water are wholly maritime and thus within the federal courts' admiralty jurisdiction." *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 (3d Cir. 1992). By providing for carriage of goods from one port to another, the contract at issue is clearly a maritime one, *see Kossick v. United Fruit Co.*, 365 U.S. 731, 742 (1961), thus conferring admiralty jurisdiction upon this Court.

The Court also has general personal jurisdiction over the Defendant, as its principal place of business is New Jersey (ECF No. 1 at ¶ 5). *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Moreover, the parties consented to the jurisdiction of this Court in the CMA Bills. ECF No. 1 at 7. Accordingly, personal jurisdiction is satisfied. Finally, the Court also finds that Defendants were also properly served on June 17, 2019. ECF No. 6.

### B.    Sufficiency of Plaintiff's Claims

To determine whether a default judgment is appropriate, the Court must first determine whether Plaintiff has sufficiently pleaded a cause of action. *E. Const. & Elec., Inc. v. Universe Techs., Inc.*, No. 10-1238, 2011 WL 53185, at *3 (D.N.J. Jan. 6, 2011) ("[T]he plaintiff's factual

allegations [must] establish a right to the requested relief."). Here, Plaintiff has pleaded three alternative theories against Defendant: breach of maritime contract, money due under marine tariffs, and negligence. All three claims for relief arise from the same conduct or omission—Defendant's failure to satisfy its obligations under the CMA Bills—and seek the same amount of damages. *See* ECF No. 1. Accordingly, where a plaintiff is entitled to prevail on one theory of recovery, the Court need not address other mutually exclusive, alternative theories. *See Gagliardo v. Connaught Labs., Inc.*, 311 F.3d 565, 570 (3d Cir. 2002); *Lincoln Harbor Enterprises, LLC v. M.Y. Diplomat*, No. 08-526, 2008 WL 5046787, at *5 (D.N.J. Nov. 21, 2008). Because recovery here is limited to only one of the alternative theories, the Court turns to whether there are well-pleaded factual allegations supporting one of the three causes of action.

The Court finds that Plaintiff's allegations are factually and legally sufficient to support its breach of maritime contract claim. "When a contract is a maritime one, and the dispute is not inherently local, federal law controls." *Norfolk S. Ry. Co.*, 543 U.S. at 22-23. Accordingly, to establish a claim for breach of maritime contract under federal common law, a plaintiff must prove: "(1) the existence of a contract between the plaintiff and the defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Maersk Line v. TJM Intl. L.L.C.*, 427 F. Supp. 3d 528, 534 (D.N.J. 2019) (citations omitted).

Accepting Plaintiff's allegations as true, Defendant breached the terms of the CMA Bills by failing to accept delivery of the Containers and pay for services rendered. Turning to the elements, first, the CMA Bills from July and August 2018 constituted a contract between Plaintiff and Defendant in which Defendant engaged Plaintiff to deliver the Containers to Port Qasim, Pakistan. Second, Plaintiff performed its obligations by delivering the Containers to Port Qasim,

Pakistan pursuant to the terms of the CMA Bills.  Third, Defendant breached the contract by failing to accept the Containers upon delivery by Plaintiff, as specified by section 11 of the CMA Bills' terms, and by failing to pay for the shipping services rendered.  Lastly, Plaintiff has incurred damages, liabilities, charges, expenses, fees and costs for storage, detention, demurrage, and destruction in the amount of $3,728,695.  Accordingly, Plaintiff has sufficiently pleaded a breach of contract claim.

As discussed above, because Plaintiff's claims for money due under its published tariffs and for negligence seek the same recovery as Plaintiff's valid breach of contract claim, the Court need not address them.  *See Gagliardo v. Connaught Labs., Inc.,* 311 F.3d 565, 570 (3d Cir.2002).

### C.     Application of the Default Judgment Factors

Having determined that Plaintiff states a valid cause of action, the Court considers whether default judgment is appropriate by making explicit findings regarding the following factors: (1) prejudice to Plaintiff if default judgment is denied; (2) whether Defendants have a meritorious defense; and (3) Defendant's culpability. *Chamberlain*, 210 F.3d at 164.

The Court finds that all three factors supporting default judgment are met.  First, Plaintiff will be prejudiced absent a default judgment because Defendant's failure to respond to Plaintiff's claims leaves Plaintiff with no other means to vindicate its claims.  *Joe Hand Promotions, Inc. v. Waldron*, No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013).  Second, Defendant does not appear to have any meritorious defenses.  Under section 11 of the CMA Bills as described in the complaint, Defendant was required to take delivery within the time provided on each Bill, and the failure to do so would result in liability.  ECF No. 1 at 5-6.  Since the Court treats the allegations in the complaint as admitted by Defendants here, *see Comdyne*, 908 F.2d at 1149,

Defendant's failure to take delivery and pay for Plaintiff's services precludes any meritorious defense.

Third, Defendant's failure to respond permits the Court to draw an inference of culpability on its part. *J & J Sports Prods., Inc. v. Tibiri-Tabara, LLC*, No. 18-8819, 2019 WL 3402494, at *3 (D.N.J. July 26, 2019). The Court finds that Plaintiff served Defendant with the summons and complaint on June 17, 2019, based on the proof of service filed on June 18, 2019. *See* ECF No. 8. Defendant failed to respond and has not appeared at any point in this litigation. Moreover, Defendant's status as a corporation—and thus not a minor, incompetent, engaged in military service, or subject to another status-based exception—allows the Court to infer culpability. *See, e.g., Santiago v. Lucky Lodi Buffet Inc.*, 2016 WL 6138248 at *3 (D.N.J. Oct. 21, 2016) ("Defendants acted culpably as they have been served with the Complaint and Defendants are not infants, otherwise incompetent, or presently engaged in military service.").

Finally, the Court notes that, pursuant to 11 U.S.C. § 362(a)(1), this civil proceeding was automatically stayed while Defendant's voluntary bankruptcy petition was ongoing. *See* ECF No. 15. Defendant filed a voluntary petition for bankruptcy on November 26, 2019, which remained open until June 11, 2020, when it was voluntarily dismissed by Defendant because of its inability to provide the bankruptcy trustee with necessary documents.[3] Since this debt was not discharged through bankruptcy, Plaintiff can still validly pursue its claims.

Therefore, because this Court has found that Plaintiff shall be prejudiced if default judgment is not granted, Defendant does not have a meritorious defense, and Defendant's failure to appear in this case is the result of their culpable misconduct, judgment will be entered in

---

[3] *See In re Biomass Pro Inc.*, Bankruptcy Case No. 19-32244, ECF Nos. 1, 8, 10.

7

Plaintiff's favor on its breach of maritime contract claim. Thus, this Court will grant Plaintiff's Motion for Default Judgment.

### D. Damages

In a motion for default judgment, the only allegations in a complaint that are not treated as true are those pertaining to the amount of damages. *See Comdyne*, 908 F.2d at 1149. Under Fed. R. Civ. P. 55(b)(2), a district court "may conduct such hearings or order such references as it deems necessary and proper . . . to determine the amount of damages." *Id.* Only when damages are for a "sum certain" is an evidentiary inquiry of some kind unnecessary. *See KPS & Assocs., Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 19 (1st Cir. 2003) ("[A] claim is not a sum certain unless there is no doubt as to the amount which a plaintiff is entitled as a result of the defendant's default.").

In this case, the Court finds it need not conduct an actual hearing as Plaintiff submitted declarations and provided invoices for the services rendered. As to compensatory damages for the breach of contract, the Court finds the measure of compensatory damages is the summation of Plaintiff's invoices to Defendants for the eighty-four containers across seven shipments, including freight, late fees, detention fees, and disposal fees. *See* ECF No. 13, Exs. 4-23. This amounts to $3,728,695.00: $123,860.00 in freight, $2,625.00 in late fees, $3,581,730.00 in detention fees, and $20,480.00 in disposal fees.[4] *Id.*

The complaint also seeks prejudgment interest, costs, and attorney fees. ECF No. 1 at 12. "The rule in admiralty is that prejudgment interest should be awarded unless there are exceptional

---

[4] Fed. R. Civ. P 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." This rule is not violated, however, "when a court awards damages that accrued during the pendency of the litigation if the complaint put defendant on notice that plaintiff might seek such damages." *Finkel v. Triple A Grp., Inc.,* 708 F. Supp. 2d 277, 282 (E.D.N.Y. 2010). Although Plaintiffs listed the then-current damages at $2,162,039 in the complaint, they also put Defendants on notice that "[a]dditional charges continue to accrue in accordance with the terms of said tariffs." ECF No. 1 at ¶ 33. Accordingly, awarding more than the $2,162,039 set forth in the complaint is consistent with Rule 54(c).

circumstances that would make such an award inequitable." *In re Bankers Trust Co.*, 658 F.2d 103, 108 (3d Cir. 1981), *cert. denied*, 456 U.S. 961; *see also Lincoln Harbor Enterprises,* 2008 WL 5046787, at *7.  The *Bankers Trust* court offered three examples of such exceptional circumstances: unreasonable delay in prosecuting the claim, a bad faith estimate of damages which precluded settlement, or the lack of actual damages.  *Id.*  Here, the Court finds none of the circumstances discussed in *Bankers Trust* exist, nor are there other inequitable reasons for denying prejudgment interest.  The Court thus finds nothing to suggest prejudgment interest is unwarranted and turns to its calculation.

Courts setting prejudgment interest rates "have broad discretion and may look to state law or other reasonable guideposts indicating a fair level of compensation." *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 753 (5th Cir. 1985). One such reasonable guidepost that courts have used in maritime cases is the interest rate provided in 28 U.S.C. § 1961. *See, e.g., Reeled Tubing, Inc. v. M/V Chad G,* 794 F.2d 1026, 1029 (5th Cir. 1986) (affirming use of § 1961 for prejudgment interest); *Western Pacific Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1289 (9th Cir.1984) ("Although § 1961 does not provide for prejudgment interest, it is entirely compatible with awards of such interest.").  With this in mind, and because Plaintiff does not provide a basis for a 7.00% interest rate (ECF No. 13-2), the Court finds the most equitable rate of prejudgment interest is 2.00%, the rate pursuant to § 1961 on the date of the inception of this action. Accordingly, the Court awards daily interest from June 11, 2019 until today, excluding the 670 days this matter was stayed while Defendant was in bankruptcy proceedings.[5]  *See Lincoln Harbor Enterprise,* 2008 WL 5046787, at *7 (awarding prejudgment interest in maritime case "from the date of the inception of th[e] action"). This amounts to $93,778.29 in prejudgment

---

[5] This case was stayed on February 7, 2020, ECF No. 15, and reopened on December 8, 2021, ECF No. 18.

interest.[6]  The Court also awards post-judgment interest to be calculated pursuant to 28 U.S.C. § 1961.

## IV.     CONCLUSION

The Court having considered the submissions filed in connection with the motion, and for the reasons set forth above,

**IT IS** on this 14th day of July, 2022:

**ORDERED** that the motion for entry of default judgment against Defendant Biomass Pro, Inc. (ECF No. 13) is hereby **GRANTED**; it is further

**ORDERED** that judgment is entered in the amount of $3,822,473.29, plus post-judgment interest.

**SO ORDERED.**

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

---

[6] Interest is calculated as follows: 2.00% of $3,728,695 is $74,573.90. That amount, divided by 365 days in a year, equals the amount of interest due per diem, which is $204.31. Multiplying the per diem rate by the 459 days of accruable interest between June 11, 2019 and July 14, 2022 (excluding the 670 days the matter was stayed), the total interest is $93,778.29.